OPINION OF THE COURT
Dan Lamont, S.
In this compulsory accounting proceeding wherein the ac *750 counting executrix and her husband are cotrustees of three testamentary trusts under decedent’s will, this court holds and determines that process must issue to all persons interested in such trusts. The exception provision of SCPA 2210 (10) relating to cofiduciaries should not apply to the cotrustee husband of the accounting executrix where the executrix is accused by the objectants of self-dealing and mismanagement, where the executrix makes a six figure claim against the estate, and when bank accounts allegedly standing in decedent’s name are not accounted for and are claimed by the executrix as her separate property.
The residuary clause of decedent’s will establishes six separate testamentary "sprinkling” trusts (A through F). Three of decedent’s children and their respective spouses are the co-trustees of trusts A, B and C. The executrix (decedent’s daughter) and her husband are the cotrustees of trusts D, E and F. The principal trust beneficiaries are decedent’s various children, their spouses, and their children (decedent’s grandchildren).
Process has issued to the cotrustees of all six testamentary trusts — including petitioner and her husband as cofiduciaries (cotrustees). The cotrustees of trusts A and C have filed numerous and substantial objections to the compulsory accounting herein. The objections include failure to liquidate the estate from June 1984 to date, the retention of unproductive real estate, mismanagement, self-dealing, excessive expenditures for real property upkeep and improvements, allegations that the executrix has failed to account for bank accounts amounting to over $50,000 in the name of the decedent, and objections to the claim of the executrix for over $200,000 for moneys allegedly expended by her for the use and benefit of decedent — of which the executrix has already paid herself some $14,000 without court approval. The cotrustee husband of the accounting executrix has not filed any objections whatsoever to the account.
SCPA 2210 (10) provides as follows: "10. Where an accounting fiduciary accounts to himself in a separate capacity as the fiduciary of a deceased beneficiary of the estate, or as trustee or as guardian of an infant beneficiary, or as the committee of an incompetent, or as the conservator of a conservatee it shall not be sufficient to issue process to or obtain the appearance of the accounting party in such separate capacity only, but in addition process shall issue to all persons interested in the estate of the deceased beneficiary, the infant, the incompetent, the conservatee or the trust of which the accounting party is *751 trustee. The provisions of this subdivision shall not apply where the accounting fiduciary has in said separate capacity one or more co-fiduciaries who are not his co-fiduciaries in his accounting capacity.” (Emphasis supplied.) Subdivision (10) was amended in 1969 (L 1969, ch 551) to add the last sentence. A Surrogate’s Association Note appended to 1969 McKinney’s Session Laws of NY (at 829) states: "This bill is recommended by the Surrogates’ Association of the State of New York. The bill was heretofore recommended by the Temporary State Commission on the Law of Estates, and its purpose is set forth in the Third Report of the Commission, pp. 273, 280 and 290. Simply stated, it would avoid the necessity of citing in accounting proceedings numerous beneficiaries who are represented by an independent trustee or guardian or committee, that is, one who although a co-fiduciary of the accountant in the respondent estate or fund, is not his co-fiduciary in the estate or fund being accounted for.”
Obviously, the spouse of an accounting executrix may well lack the objective devotion to fiduciary duty expected of a truly independent cotrustee. However, when the accounting executrix makes a six figure claim against the estate, is accused of retaining the estate real property for the benefit of herself and her children, and objection is made that approximately $50,000 in bank accounts in decedent’s name are not accounted for and the executrix claims such accounts as her own separate property, the cotrustee husband of the accounting executrix may not be quite as objectively and independently interested in protecting the beneficiaries of the three trusts of which he is cotrustee, as in having his executrix wife prevail in her claims and contentions placing somewhere near $250,000 at issue. Such objectivity and devotion to fiduciary duty is so rare, so inimicable to marital harmony, and indeed so contrary to human nature that this court has absolutely no difficulty in determining the obvious — that the provisions of the SCPA 2210 (10) cofiduciary exception should not and cannot possibly be allowed to apply under such facts and circumstances; and therefore, that process must issue to all persons interested in the three testamentary trusts (D, E and F) of which the accounting executrix and her husband are the cotrustees.
The executrix is hereby directed to amend schedule H of her account to set forth all persons interested in trusts D, E and F, and to cause process to issue to all such interested persons.